Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GERHAL ADRIAN SANTANA MATEO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>105 DON PEDRO RESTAURANT, CORP. (D/B/A LA LECHONERA POLLO SABROSO AND DOMINICANA POLLO SABROSO RESTAURANT), RESTAURANT LECHONERA Y POLLO SABROSO CORP. (D/B/A LA LECHONERA POLLO SABROSO #2 AND LECHONERA Y POLLO SABROSO RESTAURANT), and RODOLFO PICHARDO,<br><br>Defendants. | **COMPLAINT**<br><br>**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**<br><br>**ECF Case** |

Plaintiff Gerhal Adrian Santana Mateo ("Plaintiff Santana" or "Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against 105 Don Pedro Restaurant, Corp. (d/b/a La Lechonera Pollo Sabroso and Dominicana Pollo Sabroso Restaurant) and Restaurant Lechonera y Pollo Sabroso Corp. (d/b/a La Lechonera Pollo Sabroso #2 and Lechonera y Pollo Sabroso Restaurant) (collectively, "Defendant Corporations"), and Rodolfo Pichardo ("Individual Defendant") (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff is a former employee of Defendants 105 Don Pedro Restaurant, Corp. (d/b/a La Lechonera Pollo Sabroso and Dominicana Pollo Sabroso Restaurant), Restaurant Lechonera y Pollo Sabroso Corp. (d/b/a La Lechonera Pollo Sabroso #2 and Lechonera y Pollo Sabroso Restaurant), and Rodolfo Pichardo.

2. Defendants own, operate, or control two Latin American restaurants located in the Bronx, New York, under the names "La Lechonera Pollo Sabroso" (also known as "Dominicana Pollo Sabroso Restaurant"), located at 105 East Mount Eden Avenue, Bronx, New York 10452, and "La Lechonera Pollo Sabroso #2" (also known as "Lechonera y Pollo Sabroso Restaurant"), located at 850 Gerard Avenue, Bronx, New York 10451 (together, the "Restaurants").

3. Upon information and belief, Individual Defendant Rodolfo Pichardo serves or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the Restaurants as a joint or unified enterprise.

4. Plaintiff was employed as a delivery worker at the Restaurants. However, Plaintiff was required to spend a substantial part of each workday, more than two hours and more than twenty percent of his shift, performing non-tipped duties, including food preparation and porter work.

5. Defendants paid Plaintiff an hourly rate that was below the applicable New York City minimum wage throughout his employment.

6. Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked over 40.

7. Defendants required Plaintiff to purchase and maintain, at his own expense, the tools of the trade necessary to perform his delivery work, including a motor scooter and gasoline, and failed to reimburse him for these expenses.

8. Defendants also deducted approximately $4.00 and thirty minutes of pay from Plaintiff's wages for each meal break, even though Plaintiff never actually took his meal breaks.

9. Defendants failed to pay Plaintiff any wages for his last three days of work.

10. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

11. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for unpaid minimum wages, overtime wages, unpaid wages, unlawful deductions, unreimbursed tools-of-the-trade expenses, and other violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, Part 146 (the "Hospitality Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

13. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

15. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants maintain their places of business in this District, and Plaintiff was employed by Defendants in this District.

## PARTIES

*Plaintiff*

16. Plaintiff Gerhal Adrian Santana Mateo is an adult individual residing in Bronx County, New York.

17. Plaintiff Santana was employed by Defendants from approximately May 2021 until on or about November 3, 2026.

18. Plaintiff consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. At all relevant times, Defendants owned, operated, or controlled two Latin American restaurants, located at 105 East Mount Eden Avenue, Bronx, New York 10452, under the name “La Lechonera Pollo Sabroso,” and at 850 Gerard Avenue, Bronx, New York 10451, under the name “La Lechonera Pollo Sabroso #2.”

20. Upon information and belief, 105 Don Pedro Restaurant, Corp. (d/b/a La Lechonera Pollo Sabroso and Dominicana Pollo Sabroso Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 105 East Mount Eden Avenue, Bronx, New York 10452.

21. Upon information and belief, Restaurant Lechonera y Pollo Sabroso Corp. (d/b/a La Lechonera Pollo Sabroso #2 and Lechonera y Pollo Sabroso Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 850 Gerard Avenue, Bronx, New York 10451.

22. Defendant Rodolfo Pichardo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rodolfo Pichardo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Rodolfo Pichardo possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23. Defendants operate two Latin American restaurants located in the Bronx, New York.

24. Individual Defendant Rodolfo Pichardo possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. For example, Defendants operated both Restaurants under the same "La Lechonera Pollo Sabroso" name, and Plaintiff worked at both Restaurants during his employment.

27. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff (and all similarly situated employees) and are Plaintiff's (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 *et seq*. and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

30. Upon information and belief, Individual Defendant Rodolfo Pichardo operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a. failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

b. defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e. operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed corporations,

f. intermingling assets and debts of his own with Defendant Corporations,

g. diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h. other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

32. In each year from 2023 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold in the Restaurants on a daily basis, such as food products, beverages, and cleaning supplies, were produced outside the State of New York.

*Individual Plaintiff*

34. Plaintiff is a former employee of Defendants who was employed as a delivery worker and who also performed food preparation and porter duties.

35. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Gerhal Adrian Santana Mateo*

36. Plaintiff Santana was employed by Defendants from approximately May 2021 until on or about November 3, 2026.

37. Defendants employed Plaintiff Santana as a delivery worker at the Restaurants located at 105 East Mount Eden Avenue, Bronx, New York 10452 and 850 Gerard Avenue, Bronx, New York 10451.

38. However, Plaintiff Santana was also required to spend a significant portion of each workday performing non-tipped, non-delivery duties, including food preparation (approximately three hours per day, from approximately 8:00 a.m. until 11:00 a.m., when he worked the morning shift) and porter work (approximately twice a week).

39. Plaintiff Santana regularly spent more than two hours, and more than twenty percent of his workday, performing these non-tipped duties.

40. Plaintiff Santana regularly handled goods in interstate commerce, such as food products and other supplies produced outside the State of New York.

41. Plaintiff Santana's work duties required neither discretion nor independent judgment.

42. From approximately May 2021 until approximately October 2021, Plaintiff Santana worked at the 105 East Mount Eden Avenue location from approximately 3:00 p.m. until on or about 10:00 p.m., three days a week, Wednesdays through Fridays (typically 21 hours per week).

43. From approximately November 2021 until approximately July 2023, Plaintiff Santana worked at the 105 East Mount Eden Avenue location from approximately 3:00 p.m. until on or about 10:00 p.m., Tuesdays through Sundays (typically 42 hours per week).

44. From approximately July 2023 until on or about March 2026 and from approximately July 2026 until on or about November 3, 2026, Plaintiff Santana worked at the 105

East Mount Eden Avenue location from approximately 8:00 a.m. until on or about 3:00 p.m., Tuesdays through Sundays (typically 42 hours per week).

45. From approximately April 2026 until on or about June 2026, Plaintiff Santana worked at the 850 Gerard Avenue location from approximately 8:00 a.m. until on or about 3:00 p.m., Tuesdays through Sundays (typically 42 hours per week).

46. Although Defendants nominally granted Plaintiff Santana a 30-minute daily break, Plaintiff Santana was required to work through it and never received an uninterrupted break.

47. Throughout his employment, Defendants paid Plaintiff Santana his wages in cash.

48. From approximately May 2021 until approximately October 2021, Defendants paid Plaintiff Santana $12.50 per hour for all hours worked.

49. From approximately November 2021 until approximately December 2025, Defendants paid Plaintiff Santana $13.50 per hour for all hours worked.

50. From approximately January 2026 until on or about November 3, 2026, Defendants paid Plaintiff Santana $14.50 per hour for all hours worked.

51. These hourly rates were below the applicable New York City minimum wage of $15.00 per hour in 2021 through 2023, $16.00 per hour in 2024, $16.50 per hour in 2025, and $17.00 per hour in 2026.

52. Defendants never paid Plaintiff Santana overtime compensation at one and one-half times the applicable minimum wage, or at one and one-half times his regular rate of pay, for the hours he worked in excess of 40 hours per week.

53. Defendants deducted approximately $4.00 and thirty minutes of pay from Plaintiff Santana's wages for each meal break, even though Plaintiff Santana was required to work through his breaks and did not take them.

54. Defendants required Plaintiff Santana to purchase "tools of the trade" with his own funds, including a motor scooter at a cost of approximately $1,500 and the gasoline needed to make deliveries for Defendants. Defendants never reimbursed Plaintiff Santana for these expenses.

55. Defendants did not pay Plaintiff Santana any wages for his last three days of work. To date, Defendants have not paid Plaintiff Santana the wages he earned during those days.

56. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Santana regarding overtime and wages under the FLSA and NYLL.

57. Defendants never notified Plaintiff Santana in writing that they intended to take a tip credit against his wages, as required by 12 N.Y.C.R.R. § 146-2.2 and 29 U.S.C. § 203(m).

58. Defendants did not provide Plaintiff Santana an accurate statement of wages, as required by NYLL § 195(3).

59. Defendants did not give any notice to Plaintiff Santana, in English and in Spanish (Plaintiff Santana's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

60. As a result of Defendants' failure to provide Plaintiff Santana with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

61. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

62. Plaintiff was a victim of Defendants' common policy and practices which violate his rights under the FLSA and NYLL by, *inter alia*, not paying him the wages he was owed for the hours he worked.

63. Defendants required Plaintiff and all other delivery workers to perform general non-delivery, non-tipped tasks in addition to their primary duties as delivery workers.

64. Under the NYLL, an employer may not take a tip credit for any day in which a tipped employee spends two hours or more, or more than twenty percent of his working time, whichever is less, performing work in a non-tipped occupation. 12 N.Y.C.R.R. § 146-2.9.

65. Because Plaintiff and other delivery workers regularly spent more than two hours and more than twenty percent of each shift performing non-tipped duties, and because Defendants never provided them the required written notice of a tip credit, Defendants were not entitled to take any tip credit against their wages and were required to pay them the full minimum wage.

66. Defendants required Plaintiff and other delivery workers to purchase and maintain their own delivery vehicles and pay for gasoline, which further reduced their wages below the required minimum wage, in violation of the FLSA and NYLL.

67. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

68. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

69. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

70. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated former workers.

71. Defendants failed to provide Plaintiff and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

72. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

73. Defendants' failure to pay Plaintiff and other similarly situated employees the required minimum wage and overtime compensation was willful.

74. As a result of Defendants' failure to provide Plaintiff Santana and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Santana and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

75. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

76. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, failing to pay them overtime pay at one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, requiring them to bear the cost of tools of the trade, and willfully failing to keep records under the FLSA.

77. The claims of Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

78. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

80. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(r)-(s).

82. Defendants, in violation of 29 U.S.C. § 206(a), failed to pay Plaintiff any wages for the hours he worked during his last three days of employment, and failed to pay Plaintiff (and the FLSA Class members) the applicable minimum hourly rate "free and clear" of the cost of tools of the trade required for their work, in violation of 29 C.F.R. § 531.35.

83. Defendants' failure to pay Plaintiff (and the FLSA Class members) the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84. Plaintiff (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

85. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87. Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

88. Plaintiff (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

89. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

90. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

91. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, including the Hospitality Wage Order, 12 N.Y.C.R.R. Part 146, paid Plaintiff less than the minimum wage.

92. Defendants were not entitled to take a tip credit against Plaintiff's wages because they failed to provide him the written notice required by 12 N.Y.C.R.R. § 146-2.2, and because Plaintiff spent more than two hours, and more than twenty percent of his shift, performing non-tipped duties, 12 N.Y.C.R.R. § 146-2.9.

93. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

94. Plaintiff was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW**

95. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, including 12 N.Y.C.R.R. § 146-1.4, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay, which may not be less than the applicable minimum wage, for each hour worked in excess of forty hours in a work week.

97. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

98. Plaintiff was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

99. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

100. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

101. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Santana, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

102. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

103. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

104. With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

105. As a result of Defendants' failure to furnish accurate statements to Plaintiff Santana, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

106. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE UNLAWFUL DEDUCTIONS PROVISIONS OF THE NEW YORK LABOR LAW

107. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

108. Defendants, in violation of NYLL § 193 and 12 N.Y.C.R.R. Part 146, made unlawful deductions from Plaintiff's wages, including deductions of approximately $4.00 and thirty minutes of pay for each meal break that Plaintiff did not take, which were not authorized by law and were not for the benefit of Plaintiff.

109. Defendants' deductions were willful within the meaning of NYLL § 198.

110. Plaintiff was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

111. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

112. Defendants required Plaintiff to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, including a motor scooter and gasoline, further reducing his wages in violation of the FLSA, the NYLL, including NYLL §§ 193 and 198-b, and the Hospitality Wage Order.

113. Plaintiff was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT OF WAGES PROVISIONS OF THE NEW YORK LABOR LAW

114. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

115. At all times relevant to this action, Plaintiff was a manual worker within the meaning of NYLL § 190(4), and more than twenty-five percent of his working time was spent performing physical labor.

116. Defendants, in violation of NYLL §§ 191(1)(a) and 191(3), failed to pay Plaintiff the wages he earned during his last three days of work, not later than the regular pay day for the pay period during which his employment ended, or at any time thereafter.

117. As a result of Defendants' failure to timely pay Plaintiff his wages, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 191.

118. Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, interest, and reasonable attorneys' fees and costs pursuant to NYLL §§ 198 and 663.

119. Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA Class members;

(f) Awarding Plaintiff and the FLSA Class members damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, under the FLSA as applicable;

(g) Awarding Plaintiff and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(j) Declaring that Defendants violated the provisions of the NYLL prohibiting unlawful deductions from wages, NYLL § 193, as to Plaintiff;

(k) Declaring that Defendants violated the timely payment of wages provisions of the NYLL, including NYLL § 191, as to Plaintiff;

(l) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(m) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff;

(n) Awarding Plaintiff damages for the amount of unpaid minimum wage and overtime compensation, unpaid wages, unlawful deductions, and the costs of tools of the trade, under the NYLL as applicable;

(o) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(p) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable, and liquidated damages pursuant to NYLL §§ 198(1-a) and 198(3);

(q) Awarding Plaintiff and the FLSA Class members pre-judgment and post-judgment interest as applicable, including pre-judgment interest at the rate of nine percent per annum pursuant to N.Y. C.P.L.R. §§ 5001 and 5004;

(r) Awarding Plaintiff and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 17, 2026

**MICHAEL FAILLACE & ASSOCIATES, P.C.**

By: *<u>/s/ Michael Faillace</u>*

Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620


**BY HAND**

TO: Clerk of Court

## CONSENT TO BECOME A PARTY PLAINTIFF
## CONSENTIMIENTO PARA SER PARTE DEMANDANTE

I hereby consent to join this lawsuit as a party plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 216(b), to recover unpaid wages from La Lechonera Pollo Sabroso and La Lechonera Pollo Sabroso #2 and any related entities and individuals, and I authorize Michael Faillace & Associates, P.C. to represent me in this action.

**(Yo, por medio de este documento, doy mi consentimiento para formar parte de esta demanda como uno de los demandantes, conforme a la Ley de Normas Justas de Trabajo (Fair Labor Standards Act), 29 U.S.C. § 216(b), para recuperar salarios no pagados de La Lechonera Pollo Sabroso y La Lechonera Pollo Sabroso #2 y de las entidades y personas relacionadas, y autorizo a Michael Faillace & Associates, P.C. a representarme en esta acción.)**

| | |
|---|---|
| **Name / Nombre:** | Gerhal Adrian Santana Mateo<br>1535 Walton Ave, Apt. 2C, Bronx, NY 10452 |
| **Signature / Firma:** | |
| **Legal Representative / Abogado:** | Michael Faillace & Associates, P.C. |
| **Date / Fecha:** | November 4, 2026 |